NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 28 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ABEL HERIBERTO FABIAN-
BALTAZAR, AKA Abel Heriberto Fabia
Baltazar,

Defendant-Appellant.

No. 20-10012

D.C. No.
1:13-cr-00032-AWI-BAM-1

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted October 16, 2020**
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and VITALIANO,*** District
Judge.

Abel Fabian-Baltazar appeals from his conviction and sentence following his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eric N. Vitaliano, United States District Judge for the
Eastern District of New York, sitting by designation.

guilty plea for possession with intent to distribute methamphetamine. Having previously allocuted and accepted his guilty plea, the district court, on December 16, 2013, imposed a below-Guidelines sentence of 120 months' custody, which was subsequently reduced to 108 months as a result of a retroactive Guidelines amendment. Six months after his sentencing, appellant brought a collateral proceeding under 28 U.S.C. § 2255 attacking the judgment of conviction on the ground that his trial counsel was ineffective because he had failed to file a notice of appeal of the conviction, as appellant had requested. Losing in the district court and then on appeal to this court, appellant found relief in the Supreme Court. On remand, a new judgment was entered, which permitted this direct appeal.

Appellant's principal grievance is that his guilty plea was invalid because the plea agreement upon which it rested was void *ab initio* under basic contract law for want of consideration. Fabian-Baltazar acknowledges that the government was bound under the plea agreement, unless the Probation Office objected, not to oppose the "safety valve" mitigation of his sentence and to move to award him a full three-level Guidelines reduction for acceptance of responsibility. Appellant nonetheless contends that these promises did not constitute consideration because the government was bound to take these actions without him surrendering anything of value. The value appellant gave in exchange, he asserts, was the surrender of

his right to appeal or collaterally attack his conviction—although he has already brought a collateral proceeding under 28 U.S.C. § 2255, appealed its adverse determination to the Supreme Court, and, following remand, is here on direct appeal from a new judgment that still rests on the plea agreement. Appellant argues that he is entitled to rescission and that his plea and conviction must fall with the rescinded contract.

Our firm precedent holds that where the validity of a plea agreement is in question, "we favor a construction under which the agreement is legally valid over an interpretation that would require voiding the agreement." *See United States v. Franco-Lopez*, 312 F.3d 984, 991 (9th Cir. 2002). Indeed, we have expressly disfavored any interpretation of a plea agreement that would result in doubt as to the existence of consideration. *See United States v. De la Fuente*, 8 F.3d 1333, 1340 (9th Cir. 1993).

Appellant's attack on the plea agreement fails because it is based on the flawed premise that the government's promise to take an action that it was likely to take anyway is worthless—that is, because the government did not agree to convey a sentencing benefit beyond that which Fabian-Baltazar was likely to get without a plea agreement, consideration is inadequate. Here, the government did give value in exchange for appellant's agreement to plead guilty. Fairly construed, the agreement gave Fabian-Baltazar peace of mind that the government would not

3

litigate any reasonable showing he made of his entitlement to safety valve relief. Similarly, the government gave up its right to wait until the time of sentencing before determining whether appellant's guilty plea was timely and warranted a third point for acceptance of responsibility. U.S.S.G. § 3E1.1 & cmt. n.6.

The existence of consideration, no matter how little appellant values it now, defeats Fabian-Baltazar's argument that the plea agreement was void. Because his Fifth and Sixth Amendment arguments are premised on the plea agreement being void for lack of consideration, those arguments fail for the same reason.

**AFFIRMED.**